UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:24-cv-3731 |
| Plaintiff, | : : | District Judge Michael H. Watson |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| STATE OF OHIO, | : : | **DEFICIENCY ORDER** |
| Defendant. | : : : | |

Plaintiff, a criminal defendant in the custody of the State of Ohio, has filed a civil rights complaint in this Court.[1] (Doc. 1). However, Plaintiff has neither paid the filing fee required to commence this action nor filed a motion for leave to proceed *in forma pauperis*.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)–(h), a prisoner[2] seeking to bring a civil action without prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted an *in forma pauperis* application or a certified copy of plaintiff's trust fund account statement (or institutional equivalent) as required by the PLRA.

---

[1] Review of the Franklin County Clerk of Court online docket records indicates that plaintiff was found not competent to stand trial on May 13, 2024 and ordered to be placed in the Twin Valley Behavior Healthcare, Timothy B. Moritz Unit for treatment. Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch under Case No. 22CR006085.  This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

[2] Plaintiff is a "prisoner" for purposes of the PLRA because he is detained in a facility and accused of violations of criminal law. 28 U.S.C. § 1915(h).

Plaintiff is therefore **ORDERED either** to pay $405 ($350 filing fee plus $55 administrative fee), **or** submit to the Court an *in forma pauperis* application **and** certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) for the prior six-month period **within thirty (30) days from the date of this Order**.

If plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*.

Any motions for extension of time must be filed within thirty (30) days of the date of this Deficiency Order. All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date plaintiff placed the motion in the prison mail system and stating that first class postage was prepaid. If plaintiff does not receive the Deficiency Order within thirty (30) days, plaintiff's motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date plaintiff received this Deficiency Order.

**IT IS SO ORDERED.**

Date:  July 29, 2024                                       */s/ Caroline H. Gentry*
                                                                              Caroline H. Gentry
                                                                              United States Magistrate Judge