# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:24-cv-3731 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On June 19, 2024, Plaintiff filed a Complaint but did not pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 1). On July 29, 2024, the Court issued an Order requiring Plaintiff, within thirty days, either to pay $405 ($350 filing fee plus $55 administrative fee), or to submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form. (Doc. 7). The Court advised Plaintiff that failure to comply with the Order would result in dismissal of this case for want of prosecution. (*Id.* at PageID 22).

Plaintiff subsequently filed a motion requesting documents and two notices of change of address. (Doc. 8, 9, 10). Plaintiff asked the Court to provide him with documents that may have been sent to his former address. On August 14, 2024, the Court granted Plaintiff's motion and provided him with a copy of the docket sheet and the July 29, 2024 Deficiency Order. (Doc. 11). The Court again ordered Plaintiff to pay the full filing fee or submit a complete motion for leave to proceed *in forma pauperis* within thirty (30) days. (*Id.* at PageID 31). The Court also again advised Plaintiff that "[i]f [he] fails to comply with this Order, the Court shall dismiss this case for want of prosecution."  (*Id.*).

As of this date, more than thirty days have elapsed since the Court issued its August 14, 2024 Order, and Plaintiff has failed to respond to or otherwise comply with that Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

September 18, 2024  /s/ *Caroline H. Gentry*
Date                              Caroline H. Gentry
                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

2